**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andrew Houston POINTER,**
**Defendant–Appellant.**

**No. 12–30104.**

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted May 14, 2013.[*]

Filed May 21, 2013.

Helen J. Brunner, Esquire, Sarah Y. Vogel, Office of the U.S. Attorney, Seattle, WA, Arlen A. Storm, Esquire, Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee.

William R. Michelman, William R. Michelman, Inc., P.S., Lakewood, WA, for Defendant–Appellant.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

MEMORANDUM [**]

Andrew Houston Pointer appeals from the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pointer contends that he is entitled to a sentence reduction based on retroactive amendments to the Sentencing Guidelines that lowered the penalties for crack cocaine offenses. We review de novo whether the district court had jurisdiction to modify a defendant's sentence under section 3582(c)(2). See United States v. Austin, 676 F.3d 924, 926 (9th Cir.2012). Pointer is not eligible for a sentence reduction because his sentence was based on the parties' stipulation in a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and not on a sentencing range that has been subsequently lowered by the Sentencing Commission, as required by section 3582(c)(2). See Freeman v. United States, —— U.S. ——, 131 S.Ct. 2685, 2695–96, 180 L.Ed.2d 519 (2011) (Sotomayor, J., concurring). Contrary to Pointer's contention, no sentencing range is evident from the face of the agreement that could have formed the basis for the specific term of 108 months. See Austin, 676 F.3d at 930. Accordingly, the district court lacked jurisdiction to modify Pointer's sentence under section 3582(c)(2). See id.

**AFFIRMED.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

